IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30531
_____


HERBERT J. AUCOIN;
PENNY ST. GERMAIN AUCOIN, Wife,

                                        Plaintiffs-Appellants,

                            and

AMER PLANT SERVICES, INC., and
LANDMARK INSURANCE COMPANY;

                            Intervenors-Plaintiffs-Appellants,

                            versus

CNI GIRDLER INC., a/k/a Bartlett-Snow, Inc.;
SKF BEARINGS, INC.; BARTLETT-SNOW, A Division
of Combustion Engineering, Inc.; MIETHER
BEARING PRODUCTS, INC., A Division of Alco
Industries, Inc., successor in interest to
Miether Machine Works, inc; KENNEDY VAN SAUN
CORP., A subsidiary of McNally Pittsburg
SEQUOIA VENTURES, INC., Successor in interest
to C&I Girdler, Inc.,

                                                Defendants,

                            and

SVEDALA INDUSTRIES, INC., incorrectly
named as Kennedy Van Saun Corp.,

                                        Defendant-Appellee.
_____

Appeal from the United States District Court for the
            Eastern District of Louisiana
                  (CA-93-2565-N)
_____

February 14, 1996
Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The central issue in this diversity case is whether the contract between Sveldala Industries, Inc., and Sequoia Ventures, Inc., for a granulator constitutes a contract of sale or a construction contract under Louisiana law.[1] The district court determined that it was a construction contract and thus applied the ten-year peremptive period provided by section 9:2772 of the Louisiana Revised Statutes to bar the claims of the plaintiffs. Having reviewed the thoughtful opinion of the district court, the briefs of the parties, and the record, we find no error in the analysis of the district court, and therefore AFFIRM.[2]

A F F I R M E D.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]The plaintiffs initially contend that the characterization of a transaction as a contract of sale or a construction contract is necessarily an issue of fact for which summary judgment is improper. This argument is without merit. See, e.g., Smith v. Arcadian Corp., 657 So.2d 464 (La.App. 3d Cir. 1995).

[2]We also affirm the district court's denial of the plaintiffs' motion for new trial, properly construed by the district court as a third motion for reconsideration, on the basis that it raised an entirely new theory of liability.